Nebraska Supreme Court Online Library
www.nebraska.gov/courts/epub/
01/29/2016 09:04 AM CST

State of Nebraska, appellee, v.
Aaron L. Determan, appellant.

___ N.W.2d ___

Filed January 29, 2016.    No. S-13-756.

1. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.
2. **Postconviction: Constitutional Law.** A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief.
3. **Postconviction: Constitutional Law: Appeal and Error.** In appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.
4. **Effectiveness of Counsel: Appeal and Error.** Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that an appellate court reviews independently of the lower court's decision.
5. **Postconviction: Final Orders.** Within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final, appealable order as to the claims denied without a hearing.
6. **Postconviction: Time: Appeal and Error.** Pursuant to Neb. Rev. Stat. § 25-1912 (Reissue 2008), a defendant has just 30 days to appeal from the denial of an evidentiary hearing; the failure to do so results in the defendant's losing the right to pursue those allegations further.
7. **Criminal Law: Appeal and Error.** When a decision of the Nebraska Supreme Court results in a new rule, that rule applies to all criminal cases still pending on direct review.

Petition for further review from the Court of Appeals, INBODY, RIEDMANN, and BISHOP, Judges, on appeal thereto from the District Court for Saline County, VICKY L. JOHNSON, Judge. Judgment of Court of Appeals affirmed.

Jeffrey A. Gaertig, of Carlson, Schafer & Davis, P.C., L.L.O., for appellant.

Aaron L. Determan, pro se.

Douglas J. Peterson and Jon Bruning, Attorneys General, Nathan A. Liss, and Melissa R. Vincent for appellee.

WRIGHT, CONNOLLY, CASSEL, and STACY, JJ.

PER CURIAM.

## INTRODUCTION

Aaron L. Determan's motion for postconviction relief was granted in part, and in part denied. Determan appealed the portion of the district court's order denying relief. The Nebraska Court of Appeals vacated that portion of the district court's order denying relief and remanded the cause for further proceedings. The primary issue presented by this appeal is what procedure the district court should follow when considering a postconviction motion that raises both an allegation that trial counsel was ineffective for failing to file a direct appeal and other ineffective assistance of counsel claims.

## FACTUAL BACKGROUND

Determan pled guilty to one count of unlawful manufacture or distribution of a controlled substance. He was sentenced to 8 to 10 years' imprisonment. Determan's direct appeal was dismissed on June 28, 2013, in case No. A-13-441, because his poverty affidavit was untimely filed.

On August 16, 2013, Determan filed a motion for postconviction relief alleging that his counsel was ineffective in failing to (1) file a direct appeal, (2) object to the denial of Determan's motion to postpone sentencing, (3) advise Determan of the strength and weakness of the State's evidence,

(4) argue mitigating factors at sentencing, and (5) object when the State violated the terms of the plea agreement by making a statement at sentencing.

The district court granted Determan an evidentiary hearing on the allegation regarding Determan's direct appeal, but denied the remaining allegations. In denying those allegations, the district court concluded that Determan could not show that his counsel's performance was deficient.

Determan appealed from the denial of postconviction relief. In vacating the order and remanding the cause, the Court of Appeals relied upon its decision in *State v. Seeger*.[1] In *Seeger*, the defendant had filed a postconviction motion alleging that his trial counsel was ineffective for failing to file a direct appeal and was also ineffective in other particulars. The district court granted an evidentiary hearing on the direct appeal issue, but denied the remainder of the claims. The defendant appealed from that denial.

On appeal, the defendant argued that the district court erred both in denying his other claims of ineffective assistance of counsel and in not deferring ruling on those other claims until after it held an evidentiary hearing on his direct appeal allegation.

The Court of Appeals concluded that there was no authority for the defendant's position that the ruling on the other claims should be deferred until after a new evidentiary hearing was held and that thus, it was not error for the district court to decide those issues before holding an evidentiary hearing on the direct appeal claim. But the Court of Appeals observed that "judicial economy may have been served by deferring ruling on the balance of the postconviction claims."[2] The Court of Appeals noted:

> A better procedure would be to defer ruling on the balance of the postconviction claims until after the evidentiary hearing on the entitlement to a new direct appeal has

---

[1] *State v. Seeger*, 20 Neb. App. 225, 822 N.W.2d 436 (2012).

[2] *Id.* at 230, 822 N.W.2d at 441.

been held. If a new direct appeal is granted, the remaining postconviction claims could be dismissed as premature and thereafter raised in the direct appeal.[3]

Though the Court of Appeals set forth this procedure, it addressed the district court's denial of the defendant's claim in that appeal and affirmed.

In the case at bar, the district court did not follow the procedure set forth in *Seeger*. Instead, in one order, the district court granted an evidentiary hearing on Determan's direct appeal claim while denying the remainder of his claims. The Court of Appeals, citing *Seeger*, vacated the denial of the "other" claims and remanded the cause for further proceedings. The Court of Appeals also made the holding in *Seeger* explicit:

Therefore, we are now setting forth that where a defendant alleges multiple postconviction claims of ineffective assistance of counsel including a claim that counsel was deficient in failing to timely file, or otherwise timely perfect, a direct appeal, the district court shall make its determination regarding the claim regarding the direct appeal, including holding an evidentiary hearing if the court determines that an evidentiary hearing is necessary, prior to addressing the defendant's other postconviction claims. We also note that although the issue is not directly presented to us, judicial economy would be best served by following this same procedure in all postconviction cases where the district court determines that an evidentiary hearing is needed on one or more of the defendant's claims but not on other claims.[4]

Accordingly, the Court of Appeals vacated the district court's denial of the "other" allegations and remanded the cause for further proceedings.[5]

We granted the State's petition for further review.

---

[3] *Id.* at 230-31, 822 N.W.2d at 442.

[4] *State v. Determan*, 22 Neb. App. 683, 691-92, 859 N.W.2d 899, 906 (2015).

[5] *State v. Determan, supra.*

## ASSIGNMENTS OF ERROR

The State assigns that the Court of Appeals erred in (1) mandating an incorrect procedure for the district court to follow when considering postconviction motions that allege the ineffective assistance of counsel for failing to file a direct appeal and (2) vacating the district court's order and remanding the cause for further proceedings where the procedure was newly adopted in *State v. Determan*.[6]

## STANDARD OF REVIEW

[1-3] In appeals from postconviction proceedings, we independently resolve questions of law.[7] A trial court's ruling that the petitioner's allegations are refuted by the record or are too conclusory to demonstrate a violation of the petitioner's constitutional rights is not a finding of fact—it is a determination, as a matter of law, that the petitioner has failed to state a claim for postconviction relief.[8] Thus, in appeals from postconviction proceedings, an appellate court reviews de novo a determination that the defendant failed to allege sufficient facts to demonstrate a violation of his or her constitutional rights or that the record and files affirmatively show that the defendant is entitled to no relief.[9]

[4] Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that we review independently of the lower court's decision.[10]

## ANALYSIS

In its petition for further review, the State argues that the Court of Appeals erred in the procedure it set forth for district courts to follow when considering those postconviction motions that alleged both the ineffectiveness of counsel in

---

[6] *Id.*

[7] *State v. Dragon*, 287 Neb. 519, 843 N.W.2d 618 (2014).

[8] *Id.*

[9] *Id.*

[10] *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

failing to file a direct appeal and other allegations of ineffective assistance of counsel.

The Court of Appeals' procedure, as stated in *Seeger* and *Determan*, requires a district court to first "make its determination regarding the claim regarding the direct appeal, including holding an evidentiary hearing if the court determines that an evidentiary hearing is necessary, prior to addressing the defendant's other postconviction claims."[11]

[5,6] The State argues that the Court of Appeals' procedure is incorrect insofar as it risks depriving a defendant of his right to appeal should the district court deny that portion of a postconviction motion seeking a new direct appeal. The State correctly notes that within a postconviction proceeding, an order granting an evidentiary hearing on some issues and denying a hearing on others is a final, appealable order as to the claims denied without a hearing.[12] As such, a defendant has just 30 days to appeal from that denial.[13] The failure to do so results in the defendant's losing the right to pursue those allegations further.[14]

The procedure as set forth by the Court of Appeals requires a defendant to wait for one final order entered after all of his or her claims are disposed of. The procedure, as currently composed, places a defendant in a tenuous position: he or she must either appeal from the denial of his or her request for a new direct appeal or hope that the district court grants postconviction relief on the yet-unresolved claims. Moreover, as the State notes, the district court's later determination of the nondirect appeal claims could be rendered meaningless where a new

---

[11] *State v. Determan, supra* note 4, 22 Neb. App. at 692, 859 N.W.2d at 906.

[12] See, *State v. Robinson*, 287 Neb. 606, 843 N.W.2d 672 (2014); *State v. Harris*, 267 Neb. 771, 677 N.W.2d 147 (2004); *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998).

[13] Neb. Rev. Stat. § 25-1912 (Reissue 2008).

[14] See, *State v. Timmens*, 282 Neb. 787, 805 N.W.2d 704 (2011); *State v. Yos-Chiguil*, 281 Neb. 618, 798 N.W.2d 832 (2011).

direct appeal is granted, because those claims could be raised in a new direct appeal.[15]

We agree with the Court of Appeals that multiple appeals from various parts of one postconviction motion do not serve judicial economy. And we agree with the State that such a procedure as currently set forth by the Court of Appeals could, in certain circumstances, place a defendant in a difficult position and result in needless determinations by the district court regarding the underlying merits of a postconviction motion.

Keeping in mind these considerations, we modify the Court of Appeals' procedure to be followed by those district courts that are presented with postconviction motions alleging both a direct appeal claim and other claims of ineffective assistance of counsel. In the future, the district court should first address the claim that counsel was ineffective for failing to file a direct appeal, including holding an evidentiary hearing, if required. Upon reaching its decision, the district court should enter a final order on that claim only. If the claim for a new direct appeal is denied, a defendant should be permitted to appeal that denial. Only after the resolution of that appeal, or, alternatively, the expiration of the defendant's time to appeal, should the district court proceed to consider the remaining claims.

We note that this procedure is applicable only in those situations where a defendant raises both the ineffectiveness of counsel for not filing a direct appeal along with other allegations of ineffectiveness. In situations where a defendant does not allege the ineffectiveness of counsel in not filing a direct appeal, the usual rule of finality applies, and an order granting an evidentiary hearing on some issues and denying a hearing on others is a final order as to the claims denied without a hearing.[16]

---

[15] *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001).

[16] *State v. Robinson, supra* note 12; *State v. Harris, supra* note 12; *State v. Silvers, supra* note 12.

While we adopt a slightly different procedure than the one proposed by the Court of Appeals, we agree that the proper disposition of the underlying appeal in this case is that the district court's order denying certain postconviction claims should be vacated and the cause remanded for further proceedings. And we emphasize that this will be the disposition of cases violating this procedure in the future.

[7] Finally, we note that the State argues that this procedural rule is newly adopted and thus should be applied only prospectively. This is a correct statement as far as it goes. But, "'[w]hen a decision of this Court results in a "new rule," that rule applies to all criminal cases still pending on direct review.'"[17] And this case is still pending on direct review. Moreover, though the parameters of the procedural rule might not have been well defined prior to the Court of Appeals' decision in this case, a version of the procedure existed such that we are not persuaded that the rule was new.

We affirm the decision of the Court of Appeals.

## CONCLUSION

The decision of the Court of Appeals is affirmed.

Affirmed.

Heavican, C.J., and Miller-Lerman, J., participating on briefs.

---

[17] *State v. Mantich*, 287 Neb. 320, 329, 842 N.W.2d 716, 724 (2014) (quoting *Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004)).