Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/18/2017 08:11 AM CDT

STATE OF NEBRASKA, APPELLEE, V.
FRANTZ G. KOLBJORNSEN, APPELLANT.
___ N.W.2d ___

Filed July 3, 2017.    Nos. A-16-766, A-16-768, A-16-769.

1. **Postconviction: Evidence: Witnesses: Appeal and Error.** In an evidentiary hearing, as a bench trial provided by Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016) for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. In an appeal involving such a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous.

2. **Postconviction: Appeal and Error.** In appeals from postconviction proceedings, an appellate court independently resolves questions of law.

3. **Effectiveness of Counsel: Appeal and Error.** Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that an appellate court reviews independently of the lower court's decision.

4. **Postconviction: Judgments: Constitutional Law.** The Nebraska Postconviction Act, Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016), provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or her constitutional rights such that the judgment was void or voidable.

5. **Postconviction: Effectiveness of Counsel: Appeal and Error.** In a postconviction proceeding, the district court should first address the claim that counsel was ineffective for failing to file a direct appeal, including holding an evidentiary hearing, if required. Upon reaching its decision, the district court should enter a final order on that claim only. If the claim for a new direct appeal is denied, a defendant should be permitted to appeal that denial. Only after the resolution of

that appeal, or, alternatively, the expiration of the defendant's time to appeal, should the district court proceed to consider the remaining claims.

6. **Constitutional Law: Effectiveness of Counsel.** A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial.

7. **Effectiveness of Counsel: Proof: Appeal and Error.** To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant.

8. **Postconviction: Effectiveness of Counsel: Presumptions: Appeal and Error.** After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.

9. **Fees: Appeal and Error.** Neb. Rev. Stat. § 25-1912 (Reissue 2016), applicable to civil and criminal appeals, generally provides that an appeal may be taken by filing a notice of appeal and depositing the required docket fee with the clerk of the district court.

10. **Jurisdiction: Affidavits: Fees: Appeal and Error.** A poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal, and an in forma pauperis appeal is perfected when the appellant timely files a notice of appeal and a proper affidavit of poverty.

11. **Affidavits: Appeal and Error.** The impoverished appellant, not her or his attorney, must execute the affidavit which substitutes for the payment of fees and costs and the posting of security.

12. **Effectiveness of Counsel: Proof.** To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

13. **Effectiveness of Counsel: Presumptions: Appeal and Error.** The entire effectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice.

Appeal from the District Court for Hall County: Teresa K. Luther, Judge. Affirmed in part, and in part vacated and remanded for further proceedings.

Mitchell C. Stehlik, of Lauritsen, Brownell, Brostrom & Stehlik, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, Kimberly A. Klein, and, on brief, George R. Love, for appellee.

Moore, Chief Judge, and Pirtle and Bishop, Judges.

Pirtle, Judge.

## INTRODUCTION

Frantz G. Kolbjornsen filed three identical motions for post-conviction relief following his pleas of no contest to the underlying criminal charges in cases Nos. CR 14-596, CR 14-598, and CR 14-600. His motions were denied following an evidentiary hearing. Kolbjornsen appeals the orders of the district court for Hall County, and the cases have been consolidated for briefing and disposition. We affirm in part, and in part vacate and remand the causes for further proceedings.

## BACKGROUND

On November 25, 2014, Kolbjornsen was charged by information in three separate criminal cases in Hall County, Nebraska: (1) No. CR 14-596—second degree forgery, a Class III felony; (2) No. CR 14-598—possession of a destructive device, a Class IV felony; and (3) No. CR 14-600—assault in the first degree, a Class II felony, and use of a deadly weapon to commit a felony, a Class II felony.

Kolbjornsen was also charged in Hall County case No. CR 14-602 with theft by unlawful taking. Pursuant to a plea agreement, the State amended the charges in cases Nos. CR 14-596, CR 14-598, and CR 14-600, and agreed to dismiss the following charges: (1) three forgery charges, each a Class I misdemeanor; (2) use of a deadly weapon to commit a felony, a Class II felony; and (3) theft, a Class IV felony.

Kolbjornsen entered pleas of no contest to amended charges of (1) attempted forgery, in the second degree, a Class IV felony; (2) possession of a destructive device, a Class IV felony; and (3) attempted first degree assault, a Class III felony.

At the time he was sentenced, Kolbjornsen was serving a term of imprisonment for a criminal conviction in Hamilton

County, Nebraska. As part of the plea agreement, the State also agreed to recommend concurrent sentences for the amended charges in Hall County cases Nos. CR 14-596, CR 14-598, and CR 14-600 and for the sentences subject to the agreement to run concurrent to the sentence imposed in Hamilton County. Kolbjornsen was convicted of each of the amended criminal charges in the district court for Hall County.

Kolbjornsen was sentenced on March 11, 2015. The State recommended concurrent sentencing, but asked that Kolbjornsen not receive credit for time served for the Hamilton County sentence, as it was not related to the crimes committed in Hall County. The State recommended that sentencing be concurrent with the Hamilton County sentence beginning from the date of sentencing in Hall County.

In case No. CR 14-596, the court sentenced Kolbjornsen to 20 months' to 5 years' imprisonment, with the sentence to be served concurrently with cases Nos. CR 14-598 and CR 14-600. In case No. CR 14-598, Kolbjornsen was sentenced to 20 months' to 5 years' imprisonment, with the sentence to be served concurrently with the sentences imposed in cases Nos. CR 14-596 and CR 14-600. In case No. CR 14-600, Kolbjornsen was sentenced to 5 to 7 years' imprisonment, with the sentence to be served concurrently with cases Nos. CR 14-596 and CR 14-598. The court ordered that these concurrent sentences would run consecutively to the sentence imposed by the district court for Hamilton County, and the court gave no credit for time previously served. The court indicated that the imposition of these sentences would add 2½ years to his parole eligibility and 3½ years to the "jam time," or the time of his mandatory discharge.

Kolbjornsen filed amended motions for postconviction relief in each case, including several allegations of trial court error and allegations of ineffective assistance of counsel. The same motion was filed in each case. A single evidentiary hearing was held March 3, 2016, to address the postconviction motions.

On July 28, 2016, the district court filed orders addressing several of Kolbjornsen's specific allegations and denying Kolbjornsen's motions for postconviction relief "in [their] entirety." The same order was filed in each case. Kolbjornsen timely appealed and requested that the cases be consolidated for the purposes of appeal.

## ASSIGNMENTS OF ERROR

Kolbjornsen asserts, generally, that the district court erred in denying his motions for postconviction relief. He argues that he was denied effective assistance of trial counsel for several reasons, including the allegation that trial counsel failed to file a direct appeal in each case. He also argues multiple allegations of trial court error.

## STANDARD OF REVIEW

[1] In an evidentiary hearing, as a bench trial provided by Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016) for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. *State v. Armstrong*, 290 Neb. 991, 863 N.W.2d 449 (2015). In an appeal involving such a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *Id.*

[2,3] In appeals from postconviction proceedings, we independently resolve questions of law. *State v. Determan*, 292 Neb. 557, 873 N.W.2d 390 (2016). Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that we review independently of the lower court's decision. *Id.*

## ANALYSIS

[4] The Nebraska Postconviction Act, § 29-3001 et seq., provides that postconviction relief is available to a prisoner in custody under sentence who seeks to be released on the ground that there was a denial or infringement of his or

her constitutional rights such that the judgment was void or voidable. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016).

In this consolidated appeal, Kolbjornsen makes several claims related to the effectiveness of his trial counsel and alleges there were multiple irregularities or errors in the proceedings before the trial court.

[5] In *State v. Determan, supra*, the Nebraska Supreme Court modified the procedure to be followed by those district courts that are presented with postconviction motions alleging both a direct appeal claim and other claims of ineffective assistance of counsel. The Nebraska Supreme Court stated:

> In the future, the district court should first address the claim that counsel was ineffective for failing to file a direct appeal, including holding an evidentiary hearing, if required. Upon reaching its decision, the district court should enter a final order on that claim only. If the claim for a new direct appeal is denied, a defendant should be permitted to appeal that denial. Only after the resolution of that appeal, or, alternatively, the expiration of the defendant's time to appeal, should the district court proceed to consider the remaining claims.
>
> We note that this procedure is applicable only in those situations where a defendant raises both the ineffectiveness of counsel for not filing a direct appeal along with other allegations of ineffectiveness.

*Id.* at 563, 873 N.W.2d at 395.

In *State v. Determan, supra*, the Nebraska Supreme Court ultimately found that the proper disposition of the underlying appeal would be to vacate the district court's order denying postconviction claims and remand the cause for further proceedings.

Here, following an evidentiary hearing, the district court denied postconviction relief on the basis that trial counsel was ineffective for failing to file a direct appeal in each case. The district court also addressed Kolbjornsen's other allegations

of ineffective assistance and allegations of trial court error. Keeping in mind the procedure set forth in *State v. Determan, supra*, we will only consider Kolbjornsen's argument regarding trial counsel's alleged failure to file a direct appeal in each case. The remainder of the district court's orders are vacated and the causes are remanded for further proceedings.

[6,7] A proper ineffective assistance of counsel claim alleges a violation of the fundamental constitutional right to a fair trial. *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016). To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant. *State v. Hessler, supra*.

[8] After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief. *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

[9-11] Neb. Rev. Stat. § 25-1912 (Reissue 2016), applicable to civil and criminal appeals, generally provides that an appeal may be taken by filing a notice of appeal and depositing the required docket fee with the clerk of the district court. *State v. Ruffin*, 280 Neb. 611, 789 N.W.2d 19 (2010). The Nebraska Supreme Court has noted that a poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal and that an in forma pauperis appeal is perfected when the appellant timely files a notice of appeal and a proper affidavit of poverty. *Id.* The impoverished appellant, not her or his attorney, must execute the affidavit which substitutes for the payment of fees and costs and the posting of security. *Id.*

Kolbjornsen asserts that his trial counsel was ineffective for failing to file a direct appeal in each case and that the

district court erred in denying postconviction relief on this basis. He asserts that he asked his wife to notify his trial counsel that he wished to file direct appeals, and he argues that his counsel failed to do so or make other affirmative steps to ensure the appeals could proceed prior to the filing deadline. Kolbjornsen's wife testified that she contacted counsel on March 18 or 19, 2015, to give him notice that Kolbjornsen wished to appeal the orders filed on March 11.

At the evidentiary hearing, trial counsel testified that in situations such as this, he typically asks his clients to write him directly rather than communicating through a spouse so he has a clear directive from a client regarding their wishes. Nevertheless, he recognized the urgency involved and he proceeded to immediately prepare and send a letter to Kolbjornsen at the correctional institution. He did not recall the date that Kolbjornsen's wife contacted him by telephone, but testified that his standard course of practice would be to communicate with this client within a day or two.

Trial counsel testified that he acted promptly due to the short period of time remaining before the deadline to file appeals. He said the letter instructed Kolbjornsen that the poverty affidavits had to be signed, notarized, and back in counsel's possession by April 10, 2015, in order to perfect the appeals. Counsel testified that he sent the letter on March 31 and that he received Kolbjornsen's response on April 13, after the deadline for direct appeals had passed. Trial counsel said the letter containing a signed poverty affidavit was the only direct communication he received from Kolbjornsen requesting that he file appeals.

Kolbjornsen testified that he received the letter from trial counsel on April 4, 2015. He signed the form and had it notarized on April 8, and he mailed it back to trial counsel on the same day. He received a letter from trial counsel indicating that the deadline had passed for filing direct appeals and advising him to file motions for postconviction relief.

The court found that there was no evidence Kolbjornsen's counsel ignored his instructions, and it found that counsel acted promptly, providing adequate instructions regarding the filing deadline. The court noted that this situation is similar to that in *State v. Perry*, 268 Neb. 179, 681 N.W.2d 729 (2004), in which it appeared the postal service may have been a factor in Kolbjornsen's inability to timely file the appeals. However, the court also noted that Kolbjornsen waited weeks before contacting counsel regarding his desire to file appeals and that his counsel acted promptly to provide him with the necessary documents. The court indicated that Kolbjornsen could have made alternative arrangements for delivery if he felt the mail service would be "questionable for meeting the deadline." Ultimately, the court found that there was no evidence showing that counsel was deficient in his performance.

When reviewing a claim of ineffective assistance of counsel, an appellate court reviews factual findings of the lower court for clear error. We find the trial judge, as the trier of fact, did not clearly err in determining that Kolbjornsen's delay in contacting counsel regarding his desire to appeal affected his counsel's ability to timely file appeals on his behalf.

[12,13] To show deficient performance, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. See *State v. Alford*, 24 Neb. App. 213, 884 N.W.2d 470 (2016). The entire effectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *Id.*

The evidence shows that trial counsel acted promptly once Kolbjornsen's wife contacted him, and he sent the necessary paperwork and instructions in a timely manner. The evidence also shows that, after sentencing, Kolbjornsen delayed a week or more before asking his wife to contact his counsel, and delayed again in signing and returning the letter, even though he had been informed that failure to return the poverty

affidavits by April 10, 2015, would affect his ability to file direct appeals.

Based upon our review of the record, we conclude that trial counsel's performance was not deficient and that the district court did not err in denying postconviction relief on this theory of ineffective assistance of counsel. And because our decision on Kolbjornsen's claim of ineffective assistance of counsel for failing to timely file direct appeals is subject to further review, we conclude that based on *State v. Determan*, 292 Neb. 557, 873 N.W.2d 390 (2016), neither the district court nor this court can address the remaining postconviction claims until a mandate has issued as to the direct appeal issue. Accordingly, we must vacate the district court's orders as to the remaining postconviction claims and remand the causes with directions to defer consideration of those claims until after the mandates have issued as to the direct appeal claims.

## CONCLUSION

We find the district court did not err in denying Kolbjornsen's motions for postconviction relief on the basis that his trial counsel was ineffective for failure to file direct appeals. We vacate the district court's orders as to the remaining postconviction claims and remand the causes with directions to defer consideration of those claims until after the mandates have issued as to the direct appeal claims.

Affirmed in part, and in part vacated and remanded for further proceedings.