Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/31/2020 09:11 AM CST

STATE OF NEBRASKA, APPELLEE, V.
JOHN W. DALTON, JR., APPELLANT.
___ N.W.2d ___

Filed October 9, 2020.    No. S-19-1192.

1. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.

2. **Postconviction: Evidence.** In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.

3. **Postconviction: Constitutional Law.** Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.

4. **Postconviction: Effectiveness of Counsel: Appeal and Error.** To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.

5. **Postconviction: Effectiveness of Counsel: Presumptions: Appeal and Error.** After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.

6. **Effectiveness of Counsel: Appeal and Error.** Failing to directly appeal when the defendant is silent after being informed of the right to appeal and the manner to communicate the desire to appeal is not analogous to the situation where counsel ignores an express directive by the client to file a direct appeal.

7. **Postconviction: Effectiveness of Counsel: New Trial: Appeal and Error.** When a postconviction motion alleges a claim of ineffective assistance based on counsel's failure to file a direct appeal, which has as its relief a new direct appeal, alongside other claims of ineffective assistance of counsel that request as relief a new trial, the district court must first address the claim that counsel was ineffective for failing to file a direct appeal, including holding an evidentiary hearing, if required.

8. **Effectiveness of Counsel: Final Orders: Appeal and Error.** Upon reaching its decision on a claim of ineffective assistance based on counsel's failure to file a direct appeal, the district court should enter a final order on that claim only; only after the resolution of an appeal from the order, or, alternatively, the expiration of the defendant's time to appeal, should the district court proceed to consider the remaining claims.

9. **Postconviction: Effectiveness of Counsel: Final Orders: Appeal and Error.** Addressing and waiting for a final mandate on any claims of ineffective assistance of counsel for failing to file a direct appeal before addressing other postconviction claims of ineffective assistance of counsel serve the interests of judicial economy by preventing the district court's determination of the nondirect appeal claims from being rendered meaningless.

10. **Postconviction: Final Orders: Appeal and Error.** When a district court disposes of other postconviction claims before there has been a final mandate on a disposition of the postconviction claim requesting a new direct appeal, the proper disposition in an appeal from the district court's order is to vacate the district court's disposition of the additional claims and remand the cause for further proceedings.

11. **Postconviction: Appeal and Error.** A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal.

Appeal from the District Court for Douglas County: Leigh Ann Retelsdorf, Judge. Affirmed in part, and in part vacated and remanded for further proceedings.

Jerry M. Hug for appellant.

Douglas J. Peterson, Attorney General, and Erin E. Tangeman for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.

## NATURE OF CASE

John W. Dalton, Jr., appeals from an order denying his motion for postconviction relief following an evidentiary hearing on his claim that trial counsel was ineffective for failing to file a direct appeal. In the same order, the district court denied without an evidentiary hearing Dalton's separate claim of ineffective assistance of trial counsel, challenging the voluntariness of his pleas. For the reasons set forth below, we affirm in part, and in part vacate and remand for further proceedings.

## BACKGROUND

On January 31, 2018, Dalton was charged with seven felonies relating to the deaths of three people. On December 10, Dalton accepted a plea agreement whereby in exchange for the State's agreeing to not seek the death penalty, he pled guilty to three counts of first degree murder; three counts of using a firearm to commit a felony; and one count of possession of a firearm by a prohibited person, second offense. Dalton entered his pleas of guilty. He then waived his right to a presentence investigation and requested immediate sentencing. The court granted Dalton's request and sentenced him to three life sentences for the three counts of first degree murder; three terms of 49 to 50 years' imprisonment for the three counts of an illegal use of a firearm; and a term of 50 to 80 years' imprisonment for one count of possession of a firearm by a prohibited person, second offense. Each sentence was ordered to be served consecutively. No direct appeal was filed.

On April 8, 2019, Dalton filed a timely verified motion for postconviction relief in the district court. In his motion, Dalton alleged that counsel was ineffective for failing to file a

direct appeal when Dalton requested that counsel do so follow-
ing the imposition of his sentences. Dalton also made a claim
of ineffective assistance of counsel based on trial counsel's
failure to investigate the case. Dalton asserts that he would
not have entered into the plea agreement if his attorney would
have properly investigated his case. Dalton claimed that coun-
sel failed to depose the lone eyewitness and failed to secure
a mental health evaluation for the purposes of establishing
a defense or mitigating evidence to be used in plea negotia-
tions. In addition to the ineffective assistance of counsel claim,
Dalton claimed in his postconviction motion that his sentences
were excessive and constituted cruel and unusual punishment
under the Eighth Amendment to the U.S. Constitution.

The court ordered an evidentiary hearing on the first claim,
regarding the failure to file a direct appeal. The court ordered
that all other postconviction claims were to remain pending
until after the evidentiary hearing. Depositions from Dalton
and Cindy Tate, Dalton's trial counsel who was employed by
the Douglas County public defender's office, were admitted
into evidence at the evidentiary hearing.

Tate indicated in her deposition that during the 11 months
between when Dalton was charged and his plea hearing, Dalton
was very interested in the case and made multiple requests to
pursue a plea agreement with the State. Tate testified that after
the plea agreement was reached and Dalton was convicted and
sentenced, she verbally advised Dalton of the opportunity to
appeal. Tate testified that after the sentencing on December 10,
2018, Dalton did not request that a direct appeal be filed. She
also sent him a standard form letter, which advised him of his
right to appeal and how to contact her. This letter was admitted
at the postconviction evidentiary hearing.

Tate testified that she did not receive any written com-
munication from Dalton indicating a desire to appeal. Tate
also testified that Dalton did not request a direct appeal dur-
ing any of the conversations she had with him. Tate testified
that 2 days after the sentencing, Dalton left a voicemail at the

public defender's office. In the voicemail, Dalton complained about what the prosecutor's office had said when talking publicly about his convictions, but he did not indicate a desire to appeal.

Dalton testified in his deposition that he wrote a letter to Tate requesting a direct appeal. Dalton claims this letter was given to a guard to be placed in the mail at the Douglas County jail on the evening of December 12, 2018. Dalton did not proffer the alleged letter or the guard's testimony. Dalton indicated in his deposition that Tate had made him aware that if he entered pleas of guilty, he would be giving up many of the issues that could be raised on appeal. He also admitted that when verbally discussing the plea agreement with Tate, he did not indicate to her that he wanted to appeal.

Following the hearing, the district court entered an order denying Dalton's motion as to the direct appeal claim. In the same order, the court denied without an evidentiary hearing "any remaining issues in the postconviction." The court explained in this regard that "the motion fails to state sufficient facts regarding counsel being deficient or showing prejudice, which would require facts showing [Dalton] would have insisted on going to trial and not accept the plea offer." Dalton appeals.

## ASSIGNMENTS OF ERROR

Dalton assigns that the district court erred in (1) determining that Dalton was not entitled to reinstatement of his direct appeal due to trial counsel's ineffective assistance and (2) failing to grant an evidentiary hearing on Dalton's claim that his pleas were not knowingly and voluntarily made where counsel was ineffective for failing to fully investigate the case prior to advising him to enter pleas of guilty.

## STANDARD OF REVIEW

[1] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. When reviewing a claim of ineffective assistance of counsel, an appellate

court reviews the factual findings of the lower court for clear error. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[1] an appellate court reviews such legal determinations independently of the lower court's decision.[2]

[2] In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.[3]

## ANALYSIS

The district court determined that Dalton was entitled to an evidentiary hearing on his posconviction claim that counsel was ineffective for failing to file a direct appeal.[4] The court ultimately found that trial counsel was not deficient in failing to file a direct appeal that was not requested, and we hold that those findings were not clearly erroneous. However, the district court in the same order also addressed and disposed of the remaining postconviction claims on the ground that the motion alleged insufficient facts. In *State v. Determan*,[5] we held that there must be a final mandate on the court's disposition of a postconviction claim of ineffective assistance for failing to file a direct appeal before the court addresses other postconviction ineffective assistance of counsel claims. In accordance with *Determan*, we vacate the part of the order denying Dalton's second ineffective assistance claim and remand the cause for further proceedings. We affirm the court's ruling as to Dalton's claim of excessive sentences for the reason that such claim, which was stated apart from any claim of ineffective assistance, is procedurally barred.

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[2] *State v. Sierra*, 305 Neb. 249, 939 N.W.2d 808 (2020).

[3] *State v. Beehn*, 303 Neb. 172, 927 N.W.2d 793 (2019).

[4] See Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016).

[5] *State v. Determan*, 292 Neb. 557, 873 N.W.2d 390 (2016).

[3-5] Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.[6] To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland*,[7] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[8] After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.[9]

The evidentiary hearing provided Dalton with the opportunity to present evidence that he directed Tate to file an appeal. The court found that Dalton was informed of his right to appeal and had not directed Tate to file an appeal. Upon review of the record, we cannot say that the district court clearly erred in these findings.

Dalton testified in his deposition that he wrote a letter approximately 2 days after his sentencing and left it with a guard to be mailed to Tate. But Dalton was unable to provide any details or other evidence to corroborate that a letter was sent to Tate. Tate testified that no one at the public defender's office received a letter from Dalton.

Tate testified further that she was never instructed by Dalton to file an appeal, despite the fact that she clearly explained his opportunity to appeal and sent him a formal letter explaining that right and how to contact her. The letter was entered

---

[6] *State v. Beehn, supra* note 3.

[7] *Strickland v. Washington, supra* note 1.

[8] *State v. Beehn, supra* note 3.

[9] *State v. Hessler*, 295 Neb. 70, 886 N.W.2d 280 (2016); *State v. Dunkin*, 283 Neb. 30, 807 N.W.2d 744 (2012).

as an exhibit at the evidentiary hearing. Dalton claims that he had limited access to communicate with Tate, but he does not contest that he sent a voicemail to Tate approximately 2 days after sentencing and did not therein request a direct appeal. Dalton did not deny he had been informed by Tate of his right to appeal.

The district court indicated in its order that it found Tate to be the more credible witness. In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony.[10]

We agree with the district court that Tate was not ineffective for failing to file an appeal that was not requested. Dalton argues that it is deficient conduct for trial counsel to fail to obtain from the client an explicit directive as to the desire to pursue or not pursue a direct appeal and that under such circumstances, prejudice should be presumed and a new direct appeal ordered. According to Dalton, such a rule is appropriate in light of the often limited access of defendants to their counsel.

[6] We decline to place such a burden on counsel. It is simply not under defense counsel's power to force a client to provide an explicit response to inquiries regarding the client's right to appeal. Furthermore, we disagree that prejudice should be presumed in the same manner that it is presumed when counsel has been directed to file an appeal.[11] Failing to directly appeal when the defendant is silent after being informed of the right to appeal and the manner to communicate the desire to appeal is not analogous to the situation where counsel ignores an express directive by the client to file a direct appeal.[12]

---

[10] *State v. Benzel*, 269 Neb. 1, 689 N.W.2d 852 (2004).

[11] See *State v. Hessler, supra* note 9.

[12] See, *id*; *State v. Wagner*, 271 Neb. 253, 710 N.W.2d 627 (2006).

The Sixth Amendment to the U.S. Constitution provides that in all criminal proceedings, the accused shall have the right to the assistance of counsel in his or her defense.[13] The U.S. Supreme Court has also determined that a defendant has a fundamental due process right to access the courts and to communicate with his or her legal counsel.[14] But Dalton did not make a postconviction claim based on an alleged deprivation of his right to access the court or to communicate with counsel. As found by the district court, Dalton had several opportunities after sentencing to communicate to Tate that he wanted an appeal, including a telephone call to the public defender's office.

We agree with the district court that Tate's failure to elicit an explicit directive from Dalton one way or the other was not ineffective assistance of counsel. We are unwilling to place an increased burden on trial counsel to go beyond informing a defendant of the right to appeal and how counsel may be contacted to request that an appeal be filed. The responsibility for requesting an appeal remains with the defendant. On Dalton's claim of ineffective assistance of counsel for failure to file a direct appeal, we affirm the district court's denial of postconviction relief.

[7,8] However, precedent requires we vacate that part of the district court's order disposing of Dalton's postconviction ineffective assistance claim that Tate provided ineffective assistance of counsel by failing to depose the lone eyewitness or secure a mental health evaluation for the purposes of establishing a defense or mitigating evidence to be used in plea negotiations. When a postconviction motion alleges a claim of ineffective assistance based on counsel's failure to file a direct appeal, which has as its relief a new direct appeal, alongside other claims of ineffective assistance of counsel

---

[13] See *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000), *abrogated on other grounds, State v. Mata*, 275 Neb. 1, 745 N.W.2d 229 (2008).

[14] See, *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Ex parte Hull*, 312 U.S. 546, 61 S. Ct. 640, 85 L. Ed. 1034 (1941).

that request as relief a new trial, the district court must first address the claim that counsel was ineffective for failing to file a direct appeal, including holding an evidentiary hearing, if required.[15] Upon reaching its decision, the district court should enter a final order on that claim only.[16] If the claim for a new direct appeal is denied, a defendant should be permitted to appeal that denial.[17] Only after the resolution of that appeal, or, alternatively, the expiration of the defendant's time to appeal, should the district court proceed to consider the remaining claims.[18]

[9] As we explained in *Determan*, addressing and waiting for a final mandate on any claims of ineffective assistance of counsel for failing to file a direct appeal before addressing other postconviction claims of ineffective assistance of counsel serve the interests of judicial economy by preventing the district court's determination of the nondirect appeal claims from being rendered meaningless.[19] For, if a new direct appeal were ultimately granted on the postconviction claims related to counsel's failure to timely file a direct appeal, then any other claims of ineffective assistance of counsel could be raised in the new direct appeal rather than through a postconviction procedure.[20]

[10] We held in *Determan* that when a district court fails to follow this directive and disposes of other postconviction claims before there has been a final mandate on a disposition of the postconviction claim requesting a new direct appeal, the proper disposition in an appeal from the district court's order is to vacate the district court's disposition of the additional

---

[15] See *State v. Determan, supra* note 5.

[16] *Id*.

[17] *Id*.

[18] *Id*.

[19] See *id.*

[20] See *id*.

claims and remand the cause for further proceedings.[21] Thus we do so here. Dalton's assignment of error regarding his second postconviction claim is thereby rendered moot. We do not address whether the trial court correctly found that Dalton had failed to allege sufficient facts to warrant an evidentiary hearing on this second claim.

Dalton does not assign as error the court's denial of his postconviction claim based on an alleged violation of the Eighth Amendment prohibition against cruel and unusual punishment, but we note for the sake of completeness that the court's order disposing of this claim does not fall under *Determan.* Thus, we do not vacate the court's order insofar as it denied the Eighth Amendment claim without an evidentiary hearing.

Dalton did not make such a claim as part of an allegation of ineffective assistance of counsel. *Determan* addresses only claims of ineffective assistance of counsel. Such claims, by virtue of the absence of a direct appeal with new counsel, are not procedurally barred. In such circumstances, it serves judicial economy to require that these claims be addressed in a new direct appeal if such a direct appeal is ultimately ordered. Vacating the order and remanding the cause for further proceedings on such ineffective assistance claims, to be held only if a final mandate denies a new direct appeal, serve judicial economy.

[11] A postconviction claim that the sentence was unconstitutionally excessive, however, is procedurally barred by the failure to directly appeal. A motion for postconviction relief cannot be used to secure review of issues which were known to the defendant and which were or could have been litigated on direct appeal.[22] And while an excessive sentence claim could be raised in any new direct appeal ordered on an ineffective assistance claim based on a failure to appeal, this does not change the fact that as a stand-alone postconviction claim

---

[21] See *id.*

[22] *State v. Moore*, 272 Neb. 71, 718 N.W.2d 537 (2006).

where there has been no original direct appeal, an excessive sentence claim is procedurally barred. It would therefore not serve the interests of judicial economy to vacate the court's denial of such excessive sentence claim and remand the cause for further proceedings.

## CONCLUSION

We affirm the district court's denial of Dalton's ineffective assistance claim concerning his direct appeal. The portion of the district court's order denying Dalton's claim of ineffective assistance of counsel related to ineffective assistance for failure to investigate is vacated and the cause is remanded for further proceedings.

Affirmed in part, and in part vacated and remanded for further proceedings.