IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. GILLS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAVID A. GILLS, APPELLANT.

Filed December 8, 2020.    No. A-20-162.

Appeal from the District Court for Douglas County: GARY B. RANDALL, Judge. Affirmed in part, and in part vacated and remanded for further proceedings.

Beau Finley, of Law Offices of Beau Finley, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

BISHOP, ARTERBURN, and WELCH, Judges.

ARTERBURN, Judge.

### INTRODUCTION

David A. Gills appeals from an order of the district court for Douglas County denying his motion for postconviction relief following an evidentiary hearing. For the reasons set forth below, we affirm in part, and in part vacate and remand for further proceedings.

### BACKGROUND

On January 30, 2018, Gills was charged by information with eleven separate counts, including: six counts of manufacturing, distributing, or possession with intent to distribute a controlled substance (cocaine), each a Class IC felony; one count of criminal conspiracy, a Class IB felony; three counts of possession of a deadly weapon by a prohibited person, each a Class ID felony; and one count of failure to affix a tax stamp, a Class IV felony. Pursuant to a plea agreement with the State, Gills pled no contest to criminal conspiracy. The remaining charges alleged in the

- 1 -

information were dismissed by the State. After Gills waived his right to a presentence investigation, the district court sentenced him immediately following the entry of his plea to a period of imprisonment of 20 years to 20 years and 1 day. No direct appeal was filed from Gills' conviction and sentence.

On December 21, 2018, Gills filed a pro se motion requesting postconviction relief. In the motion, Gills alleged that he had received ineffective assistance of trial counsel in various respects. Specifically, he alleged that trial counsel provided ineffective assistance when he failed to file a direct appeal from Gills' conviction and sentence, despite Gills requesting counsel to do so. He also alleged that his previous trial counsel had provided ineffective assistance by improperly advising him to waive his right to a preliminary hearing; by failing to challenge the search warrant, the credibility of the confidential informant used by law enforcement, or the propriety of the recordings obtained by law enforcement during their surveillance operation; and by not engaging in regular communication with him during the pendency of the criminal proceedings.

On March 5, 2019, the district court entered an order granting Gills "an evidentiary hearing on the sole issue of whether counsel was ineffective in failing to provide assistance in perfecting a direct appeal in this matter." The court appointed Gills with counsel to represent him during the evidentiary hearing. At the evidentiary hearing, Gills offered into evidence his own deposition and the deposition of his trial counsel who represented him during the plea and sentencing hearing.

In Gills' deposition, he testified that he had three different attorneys representing him during the course of the criminal proceedings. His third counsel took over his representation only a couple of weeks prior to the August 30, 2018, plea hearing. Gills explained that as a result of that attorney's discussions with him, he believed that when he pled no contest to the criminal conspiracy charge, that he would be sentenced to 5 to 7 years' imprisonment. He denied that the district court had advised him of the possible penalties during the plea colloquy. In fact, he specifically denied knowing that by pleading no contest to a Class IB felony, that he was subject to a minimum sentence of 20 years' imprisonment.

Gills explained that because he expected to be sentenced to 5 to 7 years' imprisonment, he was very surprised when the district court instead sentenced him to a period of imprisonment of 20 years to 20 years and 1 day. Gills testified that during a conversation which took place immediately after the August 30, 2018 hearing, he asked his trial counsel to file an appeal. According to Gills, his trial counsel indicated that he did not know how to file an appeal because he had never before done so. Nevertheless, Gills testified that he walked away from that conversation with his trial counsel believing that an appeal would be filed. Gills did not have any contact with counsel during the next 30 days, but he believed that his wife had spoken with counsel. Gills did not speak with trial counsel again until a telephone call in November 2018. Gills testified that during this telephone call, trial counsel informed him that he had not filed an appeal on his behalf because counsel did not know how to do so. Gills explained that after this telephone call, he began drafting his motion for postconviction relief.

In his deposition, Gills' trial counsel testified that he began representing Gills in August 2018, after Gills' family retained him. Trial counsel agreed with the testimony of Gills that he was the third attorney who represented Gills during the criminal proceedings. However, trial counsel did not agree with the rest of Gills' testimony.

Counsel testified that there was "no doubt" that Gills understood that part of the plea agreement with the State was a joint recommendation for a sentence of 20 to 20 years' imprisonment. In fact, Gills asked counsel if he would propose a lesser sentence to the State, but counsel indicated that the State would not agree to any lesser sentence. Counsel denied that Gills appeared in any way surprised by the sentence imposed by the district court.

Counsel also denied that Gills asked him to appeal during a conversation immediately after the August 30, 2018, hearing. Counsel denied telling Gills that he did not know how to file an appeal. Counsel explained that he had been a licensed attorney since 2011 and, by August 2018, had filed approximately 50 criminal appeals.

However, counsel indicated that he orally advised Gills of his right to appeal directly after the August 30, 2018, hearing. Counsel indicated that he spoke with Gills about the time limitations for an appeal and indicated to Gills that he did not believe there were any issues which would be successful on appeal particularly because Gills' sentence was a part of the plea agreement. Counsel advised Gills that if he wished to appeal, he should contact counsel soon. Counsel followed up this conversation with a letter to Gills dated September 12, 2018. In the letter, counsel explained to Gills:

> You do have the right to an appeal in this case, as does everyone after sentencing, however, since your sentence was within the plea agreement and maximum sentence, I do not believe you have any issues to appeal. If you feel you do have an issue with the sentence, please contact me immediately so your rights to appeal are not waived.

Counsel denied having any further communication with Gills. He did not recall speaking with Gills during a telephone call in November 2018. In fact, counsel testified that the first he had heard about Gills wanting a direct appeal was as a result of the postconviction proceedings.

On February 6, 2020, the district court entered an order denying Gills' motion for postconviction relief. The court found that trial counsel's testimony was more credible than Gills' testimony, stating:

> The evidence supports a finding that trial counsel adequately consulted with [Gills] about an appeal in light of a plea and [Gills] did not expressly instruct trial counsel to file one within the statutorily required timeframe. Additionally, the Court finds that the plea agreement, including an agreed upon sentence[,] would make a request for appeal unlikely. Thus, counsel acted in a professionally reasonable manner and [Gills] is not entitled to postconviction relief in the form of a direct appeal.

The court went on to find that the remaining issues raised in Gills' motion for postconviction relief failed to state sufficient facts demonstrating counsel's deficient performance or any prejudice suffered. As such, the court denied the remaining claims.

Gills appeals from the order denying his motion for postconviction relief.

ASSIGNMENTS OF ERROR

Gills' sole assignment of error is that the district court erred in denying his motion for postconviction relief based upon his claim that he received ineffective assistance of trial counsel when counsel failed to file a direct appeal after being requested to do so.

STANDARD OF REVIEW

In an evidentiary hearing provided by Neb. Rev. Stat. § 29-3001 et seq. (Reissue 2016) for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact, including witness credibility and weight to be given a witness' testimony. *State v. Kolbjornsen*, 24 Neb. App. 851, 900 N.W.2d 206 (2017). In an appeal involving such a proceeding for postconviction relief, the trial court's findings will be upheld unless such findings are clearly erroneous. *Id*.

In appeals from postconviction proceedings, we independently resolve questions of law. *State v. Determan*, 292 Neb. 557, 873 N.W.2d 390 (2016). Determinations regarding whether counsel was deficient and whether the defendant was prejudiced are questions of law that we review independently of the lower court's decision. *Id*.

ANALYSIS

The district court determined that Gills was entitled to an evidentiary hearing on his postconviction claim that counsel was ineffective for failing to file a direct appeal. The court ultimately found that trial counsel was not deficient in failing to file a direct appeal because such an appeal was not requested by Gills and, as we explain more fully below, we conclude that the district court's finding in this regard was not clearly erroneous. However, the district court in the same order also addressed and disposed of Gills' remaining postconviction claims on the ground that the motion alleged insufficient facts. The Nebraska Supreme Court has previously held that there must be a final mandate on the court's disposition of a postconviction claim of ineffective assistance for failing to file a direct appeal before the trial court addresses other postconviction ineffective assistance of counsel claims. *State v. Dalton*, 307 Neb. 465, 949 N.W.2d 752 (2020); *State v. Determan, supra*. In *Dalton*, the Supreme Court explained:

> When a postconviction motion alleges a claim of ineffective assistance based on counsel's failure to file a direct appeal, which has as its relief a new direct appeal, alongside other claims of ineffective assistance of counsel that request as relief a new trial, the district court must first address the claim that counsel was ineffective for failing to file a direct appeal, including holding an evidentiary hearing, if required. Upon reaching its decision, the district court should enter a final order on that claim only. If the claim for a new direct appeal is denied, a defendant should be permitted to appeal that denial. Only after the resolution of that appeal, or, alternatively, the expiration of the defendant's time to appeal, should the district court proceed to consider the remaining claims.
>
> As we explained in *Determan*, addressing and waiting for a final mandate on any claims of ineffective assistance of counsel for failing to file a direct appeal before addressing other postconviction claims of ineffective assistance of counsel serve the interests of judicial economy by preventing the district court's determination of the

- 4 -

nondirect appeal claims from being rendered meaningless. For, if a new direct appeal were ultimately granted on the postconviction claims related to counsel's failure to timely file a direct appeal, then any other claims of ineffective assistance of counsel could be raised in the new direct appeal rather than through a postconviction procedure.

307 Neb. at 473-74, 949 N.W.2d at 759-60. In both *State v. Dalton, supra*, and *State v. Determan, supra*, the Supreme Court held that when a district court fails to follow this directive and disposes of other postconviction claims before there has been a final mandate on a disposition of the postconviction claim requesting a new direct appeal, the proper disposition in an appeal from the district court's order is to vacate the district court's disposition of the additional claims and remand for further proceedings. As such, we must vacate that part of the district court's order which denied Gills' remaining postconviction claims and remand the cause for further proceedings.

We now address the district court's decision that trial counsel did not provide deficient performance in failing to file a direct appeal. After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief. *State v. Deckard*, 272 Neb. 410, 722 N.W.2d 55 (2006); *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001). In Gills' deposition which was offered at the evidentiary hearing, he testified that he asked his trial counsel to file an appeal immediately after the August 30, 2018, plea and sentencing hearing. His trial counsel, however, testified that Gills never requested that he file an appeal. Counsel indicated that after the hearing, he orally advised Gills of his right to appeal, but also advised him that he did not believe there were any issues which would be successful on appeal particularly because Gills' sentence was a part of the plea agreement and was within the statutory limits. Counsel followed up this discussion on September 12 with a letter which again advised Gills of his right to appeal. The district court found that the testimony of trial counsel was credible and that the evidence presented at the evidentiary hearing did not support Gills' claim of ineffective assistance of counsel. We find no clear error in this finding and affirm that there was no ineffective assistance of counsel in this regard.

CONCLUSION

Because there was credible evidence to demonstrate that trial counsel advised Gills of his right to appeal and that Gills did not then make a request to appeal, we affirm the judgment of the district court which found that trial counsel did not provide ineffective assistance when he did not file a direct appeal. However, the portion of the district court's order denying Gills' claims of ineffective assistance of counsel related to counsel's failure to properly advise him to waive his right to a preliminary hearing; to challenge the search warrant, the credibility of the confidential informant used by law enforcement, or the propriety of the recordings obtained by law enforcement during their surveillance operation; and to engage in regular communication with him during the pendency of the criminal proceedings is vacated and the cause is remanded for further proceedings.

AFFIRMED IN PART, AND IN PART VACATED AND
REMANDED FOR FURTHER PROCEEDINGS.