Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/21/2021 08:10 AM CDT

State of Nebraska, appellee, v.
Stephen Russell, appellant.

___ N.W.2d ___

Filed February 26, 2021.    No. S-20-283.

1. **Effectiveness of Counsel: Appeal and Error.** Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.
2. \_\_\_\_: \_\_\_\_. When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.
3. \_\_\_\_: \_\_\_\_. With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision.
4. **Postconviction: Evidence.** In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.
5. **Postconviction: Constitutional Law.** Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable.
6. **Postconviction: Effectiveness of Counsel: Appeal and Error.** To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.
7. **Effectiveness of Counsel: Presumptions.** The two prongs of the test for ineffective assistance of counsel may be addressed in either order,

and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable.

8. **Effectiveness of Counsel: Proof.** To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.

9. **Effectiveness of Counsel: Proof: Words and Phrases.** To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

10. **Postconviction: Effectiveness of Counsel: Proof: Appeal and Error.** In order to obtain a new direct appeal as postconviction relief, the defendant must show, by a preponderance of the evidence, that the defendant was denied his or her right to appeal due to the negligence or incompetence of counsel, and through no fault of his or her own.

11. **Effectiveness of Counsel: Appeal and Error.** A lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.

12. ____: ____. Counsel is not per se deficient by failing to automatically appeal.

13. ____: ____. For cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the U.S. Supreme Court has adopted a reasonableness inquiry for the deficiency prong that considers whether counsel consulted with the defendant and, if not, whether that failure to consult was deficient performance.

14. **Postconviction: Effectiveness of Counsel: Presumptions: Appeal and Error.** After a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.

15. **Effectiveness of Counsel: Appeal and Error.** It is a critical requirement that counsel's deficient performance must actually cause the forfeiture of the defendant's appeal.

16. ____: ____. It is fundamental to a claim of ineffective assistance of counsel based on failure to appeal that the defendant directed that such appeal be filed.

17. **Evidence: Appeal and Error.** Where competent evidence supports the district court's findings, the appellate court will not substitute its factual findings for those of the district court.

18. **Postconviction: Evidence: Witnesses.** In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony.

19. **Testimony: Depositions.** The weight to be accorded to testimony given by deposition, as compared to that given orally in court, must depend, not upon its form, but upon all the circumstances affecting its credibility.

20. **Testimony: Evidence.** While testimony is a kind of evidence, a defendant who relies upon his or her testimony with little or no supporting documentary evidence does so at the risk of nonpersuasion.

21. **Trial: Witnesses: Evidence.** Triers of fact have the right to test the credibility of witnesses by their self-interest and to weigh it against the evidence, or the lack thereof.

22. **Trial: Evidence.** Evidence not directly contradicted is not necessarily binding on the triers of fact, and may be given no weight where it is inherently improbable, unreasonable, self-contradictory, or inconsistent with facts or circumstances in evidence.

Appeal from the District Court for Douglas County: J RUSSELL DERR, Judge. Affirmed.

Sean M. Conway, of Dornan, Troia, Howard, Breitkreutz & Conway, P.C., L.L.O., for appellant.

Douglas J. Peterson, Attorney General, and Matthew Lewis for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.

## NATURE OF CASE

In an appeal from a motion for postconviction relief, the defendant challenges the district court's denial of his motion for postconviction relief after an evidentiary hearing. The defendant assigns that the district court erred in finding that trial counsel was not ineffective when trial counsel failed to file a direct appeal, allegedly at the direction of the defendant. We affirm.

## BACKGROUND

Pursuant to a plea agreement, Stephen Russell pled no contest and was convicted of murder in the second degree,

a Class IB felony. Russell was sentenced to 60 to 70 years' imprisonment. No direct appeal was filed. Russell filed a motion for postconviction relief. In the operative amended motion, Russell sought a new direct appeal, alleging that Russell's trial counsel had failed to file a direct appeal on Russell's behalf, despite Russell's requests to do so. The district court held an evidentiary hearing on the amended motion.

### Russell's Deposition

The only evidence presented by Russell at the evidentiary hearing was his deposition, which was entered and marked as an exhibit. The deposition was conducted with the intention that it be in lieu of live testimony at the evidentiary hearing.

Russell testified in his deposition that it was his recollection that his trial counsel discussed only the likely sentence with him, but did not discuss his right to appeal. Russell testified that leading up to Russell's plea, trial counsel told him that he would get no more than 70 years' imprisonment as his maximum sentence, but that trial counsel would try to get Russell a term of imprisonment of 20 to 40 years or 30 to 50 years. Russell testified that he told trial counsel he was not "'trying to do 30 years in prison," and that trial counsel told him, "'Well, you're not going to do 30 years. I promise you you're not.'" Russell then decided to enter a plea.

Russell testified that he quickly learned from other inmates of his right to a direct appeal within 30 days. Russell testified he immediately began attempts to contact trial counsel in order to ask him to file an appeal on Russell's behalf.

Russell testified that he called trial counsel the day after his sentencing, leaving an "urgent voicemail." Russell testified that he also timely sent trial counsel a notarized letter asking trial counsel to file a direct appeal and to provide Russell with a copy of the discovery and his bill of exceptions.

Russell did not separately introduce a copy of this letter at the evidentiary hearing, but a copy of the letter was attached as an exhibit to the deposition. That attachment did not include

a photocopy of the envelope the letter was allegedly mailed in. Russell asserted in his deposition testimony that he had put the letter in the mailslot at his facility, but he did not specifically testify that he had placed the letter in an envelope and properly addressed and stamped it. Russell presented no other documentary evidence or testimony that the letter was properly addressed, stamped, and mailed. And there was no evidence presented of official negligence relating to the prison mail system.

Russell testified that he again attempted to call trial counsel after the letter was sent and that he was "pretty sure" he "left two voicemails," but knew "for sure" he had left one. Although Russell indicated that inmate calls are documented, he did not present such records in relation to his alleged calls to trial counsel.

Russell testified that he had no contact with trial counsel since his sentencing hearing on January 19, 2016.

### Trial Counsel's Deposition

The State submitted the deposition of trial counsel. The attorney for the State, inexplicably, was not present at trial counsel's deposition, so Russell's postconviction counsel did all of the questioning. Trial counsel confirmed Russell's claim that he did not discuss the right to appeal with Russell before Russell entered his plea. Nor did he do so before Russell was sentenced.

Trial counsel testified that it is not his practice to discuss the right to appeal prior to the entry of a plea or at the time of sentencing, unless a client specifically asks, and that he did not advise Russell of his right to appeal, because the only avenue available to Russell was an appeal for excessive sentence. Trial counsel testified that, typically, for clients convicted pursuant to a plea bargain agreement, only if the client sends a letter or calls him after sentencing to inquire about an appeal does he send a form letter explaining the 30-day timeframe to appeal and also explaining that excessive sentences are routinely denied by the Nebraska Court of Appeals.

Trial counsel testified that he did not recall receiving any telephone calls or written correspondence from Russell within the 30-day window after his sentencing. At one point, Russell's postconviction counsel asked, "Is it possible that . . . Russell had called and left a message to speak with you during the 30-day period between when his sentencing was and when it expired, or do you know [for] sure?" Trial counsel responded, "Sure, it's possible."

## Trial Record

There was not a trial record prepared in this case. A praecipe for a bill of exceptions was filed in August 2016, but a bill of exceptions was not prepared or filed. The only bill of exceptions requested and prepared in this case is the one this court presently has that covers the evidentiary hearing held by the district court on February 5, 2020.

## Order Denying Postconviction Relief

The district court denied Russell's motion for postconviction relief. The court noted in its order that in the plea dialogue between the court and Russell, the court had specifically advised Russell that he had the right to appeal the conviction, but the court did not advise Russell that the appeal must be filed within 30 days of sentencing.

The district court found that Russell failed to establish a nonfrivolous issue to appeal, because the one potential issue to appeal would be that the sentence was excessive. The court noted that Russell was aware the court was not likely to impose a prison sentence of more than 70 years, that the sentence he received did not exceed that number, and that the sentence was well below the statutory maximum sentence of life imprisonment. The court additionally found that Russell failed to prove he informed trial counsel that he was interested in an appeal. The court observed there was no evidence, other than Russell's deposition testimony, that a letter directing trial counsel to file an appeal was actually mailed. It also relied

on trial counsel's testimony that he never received any oral or written communication from Russell.

## ASSIGNMENT OF ERROR

Russell assigns that the district court erred in denying Russell's amended motion for postconviction relief, because counsel was ineffective by failing to file a direct appeal at Russell's request within the 30-day timeframe of Russell's sentencing.

## STANDARD OF REVIEW

[1-3] Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact.[1] When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error.[2] With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*,[3] an appellate court reviews such legal determinations independently of the lower court's decision.[4]

[4] In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact.[5]

## ANALYSIS

[5,6] Russell seeks postconviction relief in the form of a new direct appeal, based on allegations of ineffective assistance of trial counsel. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial

---

[1] *State v. Dalton*, 307 Neb. 465, 949 N.W.2d 752 (2020).

[2] *Id.*

[3] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[4] *State v. Dalton, supra* note 1.

[5] *Id.*

constitutional violations that render the judgment void or void-able.[6] To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland*,[7] to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[8] Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case.[9]

[7-9] The two prongs of the test for ineffective assistance of counsel may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable.[10] To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law.[11] To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different.[12] A reasonable probability is a probability sufficient to undermine confidence in the outcome.[13]

[10] In order to obtain a new direct appeal as postconviction relief, the defendant must show, by a preponderance of the evidence, that the defendant was denied his or her right to appeal due to the negligence or incompetence of counsel, and through no fault of his or her own.[14]

---

[6] *Id.*

[7] *Strickland v. Washington, supra* note 3.

[8] *State v. Dalton, supra* note 1.

[9] *Id.*

[10] *State v. Weathers*, 304 Neb. 402, 935 N.W.2d 185 (2019).

[11] *State v. Assad*, 304 Neb. 979, 938 N.W.2d 297 (2020).

[12] *State v. Weathers, supra* note 10.

[13] *Id.*

[14] *State v. Curtright*, 262 Neb. 975, 637 N.W.2d 599 (2002).

[11-13] On the deficiency prong, the U.S. Supreme Court has said that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.[15] But the U.S. Supreme Court has rejected a bright-line rule that counsel is per se deficient by failing to automatically file a notice of appeal unless the defendant specifically instructs counsel not to.[16] Instead, for cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, the Court adopted in *Roe v. Flores-Ortega*[17] a reasonableness inquiry for the deficiency prong that considers whether counsel consulted with the defendant and, if not, whether that failure to consult was deficient performance.

[14] On the prejudice prong of the ineffective assistance analysis seeking a new direct appeal, the U.S. Supreme Court has said that when counsel's constitutionally deficient performance deprives a defendant of an appeal that the defendant otherwise would have taken, such a denial of a critical stage of the judicial proceedings is one of the extreme failures of performance that demands a presumption of prejudice.[18] We have similarly articulated that after a trial, conviction, and sentencing, if counsel deficiently fails to file or perfect an appeal after being so directed by the criminal defendant, prejudice will be presumed and counsel will be deemed ineffective, thus entitling the defendant to postconviction relief.[19]

[15] But the U.S. Supreme Court has explained, with regard to the prejudice prong in an ineffective assistance claim seeking a new direct appeal, that it is a "critical requirement that counsel's deficient performance must actually cause the

---

[15] See *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000).

[16] See *id*.

[17] *Id*.

[18] See *id*. See, also, *State v. Assad, supra* note 11.

[19] *State v. Trotter*, 259 Neb. 212, 609 N.W.2d 33 (2000).

forfeiture of the defendant's appeal."[20] Thus, in *Peguero v. United States*,[21] the Court held that the defendant did not sustain his burden to demonstrate he was prejudiced by trial counsel's deficient failure to inform him of his right to appeal, when the defendant had actual knowledge of the right to appeal and did not request that trial counsel file an appeal. Discussing *Peguero* in *Flores-Ortega*, the Court indicated that in such circumstances, an inquiry into whether counsel was deficient for failing to consult with the defendant as to the right to appeal is unnecessary.[22]

To the extent Russell's motion attempted to allege that trial counsel's performance was deficient by failing to advise him of the right to appeal, he was not prejudiced by this failure, because he admitted he had actual knowledge from other sources of the right to appeal within 30 days. Russell's postconviction claim correctly focused instead on trial counsel's alleged failure to timely file an appeal despite Russell's alleged request that trial counsel do so.

[16,17] It is fundamental to a claim of ineffective assistance of counsel based on failure to appeal that the defendant directed that such appeal be filed.[23] Here, the court found that Russell did not direct trial counsel to file a direct appeal. Regardless of the form of the evidence presented on that question of fact,[24] we review the district court's findings for clear error.[25] Where competent evidence supports the district court's findings, the appellate court will not substitute its factual findings for those of the district court.[26] The district

[20] *Roe v. Flores-Ortega, supra* note 15, 528 U.S. at 484.

[21] *Peguero v. United States*, 526 U.S. 23, 119 S. Ct. 961, 143 L. Ed. 2d 18 (1999).

[22] *Roe v. Flores-Ortega, supra* note 15.

[23] See *State v. Trotter, supra* note 19.

[24] See *Quarles v. Fuqua Industries, Inc.*, 504 F.2d 1358 (10th Cir. 1974).

[25] *State v. Dalton, supra* note 1.

[26] *Fitzke v. City of Hastings*, 255 Neb. 46, 582 N.W.2d 301 (1998).

court's finding that Russell did not direct trial counsel to file a direct appeal is supported by competent evidence and is not clearly wrong.

[18,19] In an evidentiary hearing for postconviction relief, the postconviction trial judge, as the trier of fact, resolves conflicts in evidence and questions of fact, including witness credibility and the weight to be given a witness' testimony.[27] The weight to be accorded to testimony given by deposition, as compared to that given orally in court, must depend, not upon its form, but upon all the circumstances affecting its credibility.[28]

[20-22] While testimony is a kind of evidence, a defendant who relies upon his or her testimony with little or no supporting documentary evidence does so at the risk of nonpersuasion.[29] Triers of fact have the right to test the credibility of witnesses by their self-interest and to weigh it against the evidence, or the lack thereof.[30] Evidence not directly contradicted is not necessarily binding on the triers of fact, and may be given no weight where it is inherently improbable, unreasonable, self-contradictory, or inconsistent with facts or circumstances in evidence.[31]

The district court, in evaluating Russell's deposition testimony in lieu of live testimony, found Russell not credible in his claims of having left voicemails and sending a letter to trial counsel requesting that trial counsel file a direct appeal. The court weighed Russell's self-interest in making these assertions against the lack of evidence supporting them and the surrounding circumstances suggesting that no such communications were actually made. While trial counsel

---

[27] *State v. Dalton, supra* note 1.

[28] Daniel A. Morris, Nebraska Trials § 21:21 (2020).

[29] See *Burgardt v. Burgardt*, 304 Neb. 356, 934 N.W.2d 488 (2019). See, also, *State v. Dalton, supra* note 1.

[30] *Burgardt v. Burgardt, supra* note 29.

[31] *Id*.

acknowledged that it was "possible" Russell left a voicemail requesting he file an appeal, trial counsel generally did not recall such a request, via voicemail or letter, and trial counsel did not indicate a reason why he would have no memory of such a request had it in fact been made. At the same time, Russell failed to produce any record of the alleged telephone call, despite the availability of call logs. Russell also failed to produce testimony or documentation that the letter attached to his deposition had been properly addressed, stamped, and mailed, and he gave no explanation for this failure.

Based on the record before us, we conclude that the district court did not clearly err in finding that Russell did not direct trial counsel to file a direct appeal. Because the court correctly found trial counsel was not asked to file an appeal, trial counsel was not deficient in allegedly not doing so. In view of this disposition, we need not consider prejudice.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Affirmed.