IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
**(Memorandum Web Opinion)**

STATE V. PINEDA

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JULIO H. PINEDA, APPELLANT.

Filed February 8, 2022.    No. A-21-438.

Appeal from the District Court for Lancaster County: TERESA K. LUTHER, Judge, Retired. Affirmed.

Peter K. Blakeslee for appellant.

Douglas J. Peterson, Attorney General, and Kimberly A. Klein for appellee.

PIRTLE, Chief Judge, and RIEDMANN and BISHOP, Judges.

PIRTLE, Chief Judge.

### INTRODUCTION

Julio H. Pineda appeals from an order of the district court for Lancaster County denying him postconviction relief following an evidentiary hearing. He argues that the trial court erred in failing to find that his trial counsel and appellate counsel provided ineffective assistance. Based on the reasons that follow, we affirm.

### BACKGROUND

Pineda was convicted in 2015 of first degree sexual assault of a child and third degree sexual assault of a child. He was sentenced to 25 to 40 years' imprisonment on the first charge and 3 to 5 years' imprisonment on the second charge.

On direct appeal, Pineda had different counsel than he had at trial. He assigned that the trial court erred in overruling his motions for mistrial based on prosecutorial misconduct and in

- 1 -

overruling his objection to the State amending the information prior to trial. He also alleged that his trial counsel provided ineffective assistance by not deposing witnesses when he was given the opportunity to do so, and by not calling witnesses after telling the jury it would hear from certain witnesses. We affirmed Pineda's convictions and found the record was insufficient to review his claims of ineffective assistance of counsel on direct appeal. See *State v. Pineda*, No. A-15-869, 2016 WL 2764734 (Neb. App. May 10, 2016) (not designated for permanent publication).

Pineda filed a second amended motion for postconviction relief in January 2020, asserting four grounds for postconviction relief: (1) ineffective assistance of trial counsel for not timely objecting or moving for a mistrial due to prosecutorial misconduct during opening and closing argument, (2) ineffective assistance of appellate counsel for not assigning as error on direct appeal trial counsel's ineffectiveness for not objecting or moving for a mistrial due to prosecutorial misconduct during opening and closing argument, (3) the aggregate of several ineffective acts of omission by trial counsel and appellate counsel establish that Pineda did not receive a fair trial, and (4) ineffective assistance of trial counsel for failing to call any witnesses at trial.

An evidentiary hearing was held on Pineda's second amended postconviction motion. Following the hearing, the trial court entered an order rejecting Pineda's claims and denying his motion for postconviction relief.

## ASSIGNMENTS OF ERROR

Pineda assigns that the trial court erred in denying his claims that his trial counsel and appellate counsel were ineffective.

## STANDARD OF REVIEW

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Russell*, 308 Neb. 499, 954 N.W.2d 920 (2021). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Russell, supra*. In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. *Id.*

## ANALYSIS

Pineda assigns that the trial court erred in denying his claims that his trial counsel and appellate counsel were ineffective, resulting in a denial of postconviction relief. Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. *Id.* To establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland*, to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *State v. Russell, supra*. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *Id.*

The two prongs of the test for ineffective assistance of counsel may be addressed in either order, and the entire ineffectiveness analysis should be viewed with a strong presumption that counsel's actions were reasonable. *Id.* To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

Pineda makes three ineffective assistance of counsel arguments: trial counsel was ineffective for not objecting and moving for a mistrial based on prosecutorial misconduct, appellate counsel was ineffective for failing to raise on appeal trial counsel's ineffectiveness in regard to the first argument, and trial counsel was ineffective for not calling any witnesses at trial.

*Failure of Trial Counsel to Object and Move for Mistrial.*

Pineda first argues that his trial counsel was ineffective in failing to timely object and move for a mistrial in response to prosecutorial misconduct during the State's opening and closing statements. We conclude, as the trial court did, that this claim is procedurally barred.

A motion for postconviction relief asserting ineffective assistance of trial counsel is procedurally barred when (1) the defendant was represented by a different attorney on direct appeal than at trial, (2) an ineffective assistance of trial counsel claim was not brought on direct appeal, and (3) the alleged deficiencies in trial counsel's performance were known to the defendant or apparent from the record. *State v. Newman*, 300 Neb. 770, 916 N.W.2d 393 (2018). Pineda was represented by different counsel on direct appeal than his trial counsel. Although his appellate counsel raised certain ineffective assistance of trial counsel claims on direct appeal, he did not raise the claim now being raised. Further, these alleged deficiencies in his trial counsel's performance were either known to Pineda or apparent from the record. Therefore, the claim of ineffective assistance of trial counsel in regard to prosecutorial misconduct either was or could have been brought on direct appeal, and these claims are procedurally barred. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

*Failure of Appellate Counsel to Include Ineffective Assistance of Trial Counsel Claims.*

Pineda next argues that his appellate counsel was ineffective for failing to assign as error on appeal trial counsel's ineffectiveness for failing to timely object and move for a mistrial in response to prosecutorial misconduct.

When a claim of ineffective assistance of appellate counsel is based on the failure to raise a claim on appeal of ineffective assistance of trial counsel (a "layered" claim of ineffective assistance of counsel), an appellate court will look at whether trial counsel was ineffective under the *Strickland* test. *State v. Parnell, supra*. If trial counsel was not ineffective, then the defendant was not prejudiced by appellate counsel's failure to raise the issue. *Id.* Much like claims of ineffective assistance of trial counsel, the defendant must show that *but for* counsel's failure to raise the claim, there is a reasonable probability that the outcome would have been different. *Id.* In determining whether trial counsel's performance was deficient, courts give counsel's acts a strong presumption of reasonableness. *Id.*

Pineda's second amended postconviction motion raises numerous alleged improper statements made by the prosecutor during his opening statement and closing argument. The first remarks occurred at the very beginning of the prosecutor's opening statement. The prosecutor started his opening remarks to the jury as follows: "Ladies and gentlemen of the jury, she was only 12 and she couldn't keep the secret inside any longer. A secret that, if told, might sever bonds between friends and family." Pineda's trial counsel objected on the ground that the prosecutor's statement was argumentative. Following Pineda's counsel's explanation for his objection, the trial court told the prosecutor to continue without expressly ruling on Pineda's objection. Pineda argues that his trial counsel should have insisted that the trial court rule on his objection.

Referring to the victim's anticipated testimony again, the prosecutor continued, "Ask yourself, what does she have to gain by telling this? Does her testimony sound coached or rehearsed? Is this a conniving, calculating youngster with a master plan?" Pineda's trial counsel renewed his previous objection on the ground that the prosecutor's statement was argumentative and moved to strike the statement. The trial court sustained Pineda's objection and granted Pineda's motion to strike.

Continuing, the prosecutor told the jury, "Pay attention to the way the questions are asked. Do they allow the child to give a free narrative about what she remembers and what she recalls? Or on the other hand, are they leading questions, designed to box her in to a particular answer?" Pineda's trial counsel renewed his objection that the prosecutor was again making argumentative statements and asked the court to instruct the jury to disregard the prosecutor's statements "up to this point." The court sustained the objection and stated, "Those statements that were argumentative, the objection is sustained and the jury is ordered to disregard those statements." Pineda argues that despite the court's curative instruction, the jury was not instructed which of the prosecutor's statements were argumentative.

At the postconviction evidentiary hearing, Pineda's trial counsel's deposition was entered into evidence. Trial counsel testified that his strategy was to object early and often to the prosecutor's opening statement because he was basically reading his opening statement from a piece of paper so Pineda's trial counsel was trying to make him lose his place. He was "trying to make him limp" and trial counsel stated he believed he accomplished that. Pineda's trial counsel further explained that he spent a lot of time researching the jury in preparing for trial and he was very happy with the jury that had been selected. He did not consider the lack of an instruction by the court to disregard anything specific as significant because he was happy with the jury that had been selected and he believed his tactic to make the prosecutor look ineffectual was working. Trial counsel testified that he talked to Pineda about moving for a mistrial, but they were so satisfied with the jury members that they did not want to risk having a motion granted and having to start over with a different jury.

The entire analysis of a claim of ineffective assistance of counsel should be viewed with a strong presumption that counsel's actions were reasonable. *State v. Lowman*, 308 Neb. 482, 954 N.W.2d 905 (2021). Further, trial counsel is afforded due deference to formulate trial strategy and tactics, and an appellate court will not second-guess trial counsel's reasonable strategic tactics when reviewing claims of ineffective assistance of counsel. *Id.*

Trial counsel's failure to insist on a ruling on the first alleged argumentative statement and failure to move for a mistrial after other argumentative statements was a tactical choice by counsel

which we will not second-guess. We conclude that trial counsel's performance in regard to the prosecutor's remarks during his opening statement was not deficient, and therefore did not amount to ineffective assistance of counsel. Because Pineda's trial counsel was not ineffective, his appellate counsel was not ineffective in failing to raise the issue on appeal.

Pineda next argues that trial counsel was ineffective in failing to object and move for a mistrial for statements the prosecutor made during closing argument. The first such statement Pineda raises issue with is as follows: "Don't punish [the victim] for the dysfunctional lifestyle she has, right?" Pineda contends that this remark asked the jury not to punish the victim by finding him not guilty. Pineda's trial counsel did not object to this statement or move for mistrial.

A criminal conviction is not lightly overturned because of a prosecutor's statements standing alone. *State v. Iromuanya*, 282 Neb. 798, 806 N.W.2d 404 (2011). The prosecutor's statements must be viewed in their context. *Id.* Only by doing so can the reviewing court decide whether the prosecutor's misconduct affected the fairness of the trial. *Id.*

Prosecutors should not make statements that focus the jury's attention on the qualities or personal attributes of the victim. *State v. Hernandez*, 299 Neb. 896, 911 N.W.2d 524 (2018). However, as the trial court found, when the remark Pineda raises issue with is considered in context, it does not amount to prosecutorial misconduct. In making the statement, "Don't punish [the victim] for the dysfunctional lifestyle she has, right?" the prosecutor was referring to the failure of the victim's mother to take her to a medical exam following her disclosure of the sexual assault. A police officer testified that a medical exam was scheduled but the victim's mother did not take the victim to the exam. The prosecutor argued that the failure of the victim's mother to take her to a medical exam should not discredit the victim.

The trial court found that the jury would have understood the admonition not to "punish" the victim as a response to Pineda's trial counsel's suggestion that the victim's mother's behavior was atrocious for not taking the victim to the medical appointment, and that the victim's testimony should not be discredited for events beyond her control. We conclude that the court correctly found this statement was not prosecutorial misconduct when considered in context. Accordingly, Pineda's trial counsel was not deficient in failing to object or move for a mistrial.

At another point during closing argument, the prosecutor said, "If you believe that police should have done more, fine, write the chief of police, but don't punish [the victim]." Pineda again contends that this remark asked the jury not to punish the victim by finding him not guilty. However, the statement was made to rebut Pineda's trial counsel's closing argument that the police had done a bad job investigating the case and urged the jury not to convict Pineda based on "a botched up job by the state of Nebraska." The trial court found that the jury would have understood the prosecutor's remark to mean the jury should not discredit the victim's testimony based on the police's shortcomings in investigating the case. We agree with the trial court that this comment does not constitute prosecutorial misconduct when considered in context. Therefore, Pineda's trial counsel was not deficient in failing to object or move for mistrial.

Finally, Pineda takes issue with the prosecutor's conclusion to his closing argument: "Find him guilty because he is guilty." Pineda argues that this statement was an expression of the prosecutor's personal opinion of Pineda's guilt.

A prosecutor should not express his or her personal belief or opinion as to the truth or falsity of any testimony or evidence or the guilt of the defendant. *State v. Malone*, 308 Neb. 929,

957 N.W.2d 892 (2021), *opinion modified on denial of rehearing* 309 Neb. 399, 959 N.W.2d 818. However, a prosecutor is entitled to draw inferences from the evidence in presenting his or her case, and such inferences generally do not amount to prosecutorial misconduct. *Id.* Thus, a prosecutor's comment about the accused's guilt is misconduct only if the comment represents the prosecutor's personal beliefs rather than a summation of the evidence. See *id.*

In context, the prosecutor said the State did not have to provide corroboration for the victim's testimony as long as the jury believed her testimony beyond a reasonable doubt and her testimony covered the elements beyond a reasonable doubt. The prosecutor then noted that the State did provide corroborating evidence. He subsequently told the jury to "[f]ind [Pineda] guilty because he is guilty. We're asking you to find him guilty of both counts."

As the trial court found, the prosecutor was simply asking the jury to consider the evidence and find Pineda guilty, and that asking the jury to do so was not improper. The prosecutor's request for a guilty verdict followed his summary of the State's evidence. Therefore, there was no prosecutorial misconduct and trial counsel's failure to object to the prosecutor's final remark or ask for a mistrial was not deficient performance.

Because we have concluded Pineda's trial counsel's performance in regard to remarks made by the prosecutor during closing argument was not deficient, and thus, was not ineffective assistance, Pineda's appellate counsel was not ineffective in failing to allege trial counsel's ineffectiveness on direct appeal. See *State v. Parnell*, 305 Neb. 932, 943 N.W.2d 678 (2020).

Pineda additionally argues that the cumulative effect of the prosecutorial misconduct and trial counsel's failure to move for a mistrial support a conclusion that he was deprived of a fair trial. We have addressed each statement made by the prosecutor that Pineda claimed was improper and determined that trial counsel was not ineffective in the way he handled any of the statements. Accordingly, we cannot conclude that the cumulative effect of the alleged errors support a finding that Pineda was deprived of a fair trial. This argument fails.

*Failure of Trial Counsel to Call Witnesses.*

Finally, Pineda argues that his trial counsel was ineffective for failing to call any witnesses at trial. Pineda's appellate counsel assigned this as error on direct appeal. Despite appellate counsel's failure to identify the witnesses by name or to include the testimony that would have been given, we found the record was insufficient to address the claim.

In his second amended motion for postconviction relief, Pineda identified four witnesses that his trial counsel should have called. The first witness was Angela Ballard. Pineda's trial counsel referred to Ballard in his opening statement and told the jury she was going to testify and set forth what her testimony would be. Pineda argues that Ballard's testimony would have been beneficial to his defense.

Pineda's trial counsel testified in his deposition that the reason he did not call Ballard as a witness was that sometime between his opening statement and his opportunity to call witnesses, he realized that Ballard was lying about where she was at the time of the sexual assault and if he called her as a witness he would be eliciting perjury. Pineda claims that trial counsel's performance was deficient because "he failed to adequately vet the witness Angela Ballard before he made the claim in opening statement that she was going to be a witness for the defense." Brief for appellant at 15. However, trial counsel testified that he had spoken with Ballard several times, both before

and after opening statements, and it was not until his last conversation with her that he realized she was not telling him the truth and she was going to commit perjury if she testified.

We conclude, as the trial court did, that trial counsel did not perform deficiently by not calling Ballard as a witness. Pineda's trial counsel had an ethical duty to not present evidence which he knew to be false, even if he had told the jury in opening statements that Ballard would testify. Neb. Ct. R. of Prof. Cond. § 3-503.3(a)(3).

The other three witnesses that Pineda claims should have been called to testify at trial were Xiomara Garcia, Herminio Pineda, and Selvin Omar Aguilar. Each one of them stated in an affidavit offered at the postconviction hearing that they attended a dinner the day after the assault where the victim was present. They each stated that the victim was acting "normal" and she did not appear or act in any way to suggest that she had been assaulted the night before. Herminio and Aguilar stated that Pineda's trial counsel told them that he was going to call them as witnesses, but he never did. Garcia stated that he was willing to testify but Pineda's trial counsel never contacted him. Pineda argues that failing to call these witnesses with testimony helpful to his defense was deficient performance by trial counsel.

In his deposition, Pineda's trial counsel gave several strategic reasons for not calling witnesses to testify about the victim's demeanor at the dinner the day after the assault. He stated that he had elicited testimony about the victim's demeanor at the dinner from a State's witness and he thought further testimony on the same point would have been repetitious. Pineda's trial counsel also testified the real issue was whether the sexual assault took place or not. He further testified that the incident with Ballard made him concerned about the truthfulness of other witnesses who had offered to testify for Pineda.

The trial court concluded that trial counsel's decision to not call witnesses to testify about the victim's demeanor at the dinner was reasonable trial strategy. The witness who testified at trial about the victim's demeanor the day after the assault was Pineda's stepdaughter. She was about the same age as the victim and she and the victim had been friends for several years. The trial court stated she was a strong witness regarding the victim's demeanor because she knew the victim well and had spent the day before and the day after the assault with the victim. The trial court concluded that trial counsel's decision to not call more witnesses to testify about the victim's demeanor at dinner was reasonable trial strategy because such testimony would have been repetitive and would have done nothing more to sway the jury.

We agree with the trial court. See *State v. Torres*, 295 Neb. 830, 894 N.W.2d 191 (2017) (witness' testimony would have been cumulative and decision not to call witness to testify was reasonable trial strategy). See, also, *State v. Glass*, 298 Neb. 598, 905 N.W.2d 265 (2018) (proposed additional witness testimony would have been cumulative and defendant was not prejudiced by trial counsel's alleged failure to call potential witness). Nothing more would have been gained by having other witnesses repeat the same testimony in regard to the victim's demeanor. The State's witness who testified about the victim's demeanor was the victim's friend and had been with her the night of the incident as well as the following day. She had been around the victim more than the other potential witnesses during the relevant time frame. The other witnesses would only have testified about their observations of the victim. They did not claim to have talked to her at the dinner or have a close relationship with her. We conclude, as the trial

court did, that Pineda's trial counsel's performance was not deficient in failing to call additional witnesses to testify about the victim's demeanor the day following the sexual assault.

## CONCLUSION

We conclude that the trial court did not err in denying Pineda postconviction relief. Accordingly, the trial court's order is affirmed.

AFFIRMED.