IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. RENTERIA-DELGADO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SANTOS RENTERIA-DELGADO, APPELLANT.

Filed June 9, 2026.    No. A-25-552.

Appeal from the District Court for Douglas County: JAMES M. MASTELLER, Judge. Affirmed.

Jerry M. Hug, of Hug and Jacobs, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Nathan A. Liss for appellee.

MOORE, PIRTLE, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Santos Renteria-Delgado appeals from the Douglas County District Court's order denying his motion for postconviction relief following an evidentiary hearing. On appeal, he contends that the district court erred in failing to find that his trial counsel was ineffective. For the reasons stated herein, we affirm.

## STATEMENT OF FACTS

Following a jury conviction for first degree sexual assault of a child (victim J.S.) and first degree sexual assault of a child (victim X.S.), Renteria-Delgado was sentenced to an aggregate term consisting of a mandatory minimum of 30 years' imprisonment and a maximum of 50 years' imprisonment.

- 1 -

Renteria-Delgado timely filed a direct appeal during which he was represented by new counsel. He assigned as error that his trial counsel was ineffective in failing to properly impeach the alleged victims J.S. and X.S. regarding prior inconsistent statements and in failing to call the victims' grandparents as trial witnesses, despite informing the jury during opening statements that they would hear testimony from the victims' grandparents. This court found that the record on direct appeal was insufficient to address these assigned errors but otherwise affirmed Renteria-Delgado's convictions and sentences. See *State v. Renteria-Delgado,* No. A-21-665, 2022 WL 3589624 (Neb. App. Aug. 23, 2022) (selected for posting to court website). A detailed factual analysis was set forth in our opinion on direct appeal and will not be repeated here. *Id*. The mandate on Renteria-Delgado's direct appeal was issued on September 26, 2022.

On August 22, 2023, Renteria-Delgado, assisted by the counsel from his direct appeal, filed a verified motion for postconviction relief. In his motion he restated the following allegations of ineffective assistance of counsel preserved in his direct appeal, i.e. that trial counsel was ineffective in (1) failing to call the victims' grandparents as trial witnesses, despite informing the jury during opening statements that they would hear testimony from the victims' grandparents; and (2) failing to properly impeach the J.S. and X.S. regarding prior inconsistent statements during their cross-examinations. However, Renteria-Delgado added a third allegation of ineffective assistance of counsel not raised on direct appeal, wherein he claimed his trial counsel was ineffective in failing to disclose a conflict of interest his counsel had with a trial witness.

An evidentiary hearing on Reteria-Delgado's motion for postconviction relief was held in February 2025. The district court took judicial notice of the bill of exceptions and the pleadings in the case and received evidence including an affidavit of the victims' grandmother and the deposition testimony of J.S., X.S., and Renteria-Delgado's trial counsel.

Following the evidentiary hearing, the district court denied Renteria-Delgado's motion for postconviction relief. Specifically, the district court found that: (1) trial counsel's failure to call the grandparents as witnesses during the trial was a strategic decision, did not constitute ineffective assistance of counsel and, alternatively, Renteria-Delgado could not show he was prejudiced by the alleged failure; (2) Renteria-Delgado could not establish he was prejudiced by trial counsel's alleged failure to properly cross-examine and impeach J.S. because J.S.' deposition and trial testimony were not contradictory; (3) the record refuted Renteria-Delgado's claim that trial counsel failed to impeach X.S. regarding alleged inconsistencies in her deposition and trial testimony and there was no prejudice associated with the allegation; and (4) Renteria-Delgado's claim that his trial counsel was ineffective in failing to disclose a conflict of interest was barred because it was not raised during Renteria-Delgado's direct appeal.

Renteria-Delgado appeals from the denial of his motion for postconviction relief.

ASSIGNMENTS OF ERROR

Renteria-Delgado assigns that the district court erred in finding his trial counsel was not ineffective: (1) in informing the jury during opening statements that he would call the victims' grandparents as witnesses but then failing to do so; (2) in failing to properly impeach J.S. and in finding that the alleged improper impeachment was not prejudicial; and (3) in failing to properly impeach X.S. and in finding the alleged improper impeachment was not prejudicial.

STANDARD OF REVIEW

Appellate review of a claim of ineffective assistance of counsel is a mixed question of law and fact. *State v. Dalton*, 307 Neb. 465, 949 N.W.2d 752 (2020). When reviewing a claim of ineffective assistance of counsel, an appellate court reviews the factual findings of the lower court for clear error. *Id.* With regard to the questions of counsel's performance or prejudice to the defendant as part of the two-pronged test articulated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), an appellate court reviews such legal determinations independently of the lower court's decision. *State v. Dalton, supra*.

In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. *State v. Russell*, 308 Neb. 499, 954 N.W.2d 920 (2021). Where competent evidence supports the district court's findings, the appellate court will not substitute its factual findings for those of the district court. *Id.*

ANALYSIS

Prior to addressing Renteria-Delgado's assignments of error, we briefly review the standards related to postconviction relief. As the Nebraska Supreme Court recently set forth in *State v. Keadle*, 320 Neb. 583, 594-95, 28 N.W.3d 524, 533 (2025):

Postconviction relief is a very narrow category of relief, available only to remedy prejudicial constitutional violations that render the judgment void or voidable. In order to establish a right to postconviction relief based on a claim of ineffective assistance of counsel, the defendant has the burden, in accordance with *Strickland*[ *v. Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], to show that counsel's performance was deficient and that counsel's deficient performance prejudiced the defense in his or her case.

To show that counsel's performance was deficient, a defendant must show that counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. To show prejudice in a claim of ineffective assistance of counsel, the defendant must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court may examine performance and prejudice in any order and need not examine both prongs if a defendant fails to demonstrate either.

FAILURE TO CALL VICTIMS' GRANDPARENTS AS WITNESSES DURING TRIAL

Renteria-Delgado first assigns that the district court erred in determining that his trial counsel was not ineffective in failing to call the victims' grandparents after informing the jurors during opening statements of his intention to do so, and in finding that conduct was not prejudicial to Renteria-Delgado. The district court found that trial counsel's performance amounted to reasonable trial strategy and therefore was not deficient. Additionally, the court found that Renteria-Delgado could not establish prejudice as the only evidence of the grandparents' alleged

testimony was a two-page affidavit by the grandmother, which affidavit did not undermine confidence in the outcome of the trial.

As the Nebraska Supreme Court stated in *State v. Keadle*, 320 Neb. at 595, 28 N.W.3d at 533-34:

> As courts in other jurisdictions have explained, when applying the framework set forth in *Strickland*, "[i]nquiries into strategic or tactical decisions challenged as ineffective assistance of counsel involve both a factual and a legal component. The question of whether an attorney's actions were actually the product of a tactical or strategic decision is an issue of fact. . . . By contrast, the question of whether the strategic or tactical decision is reasonable enough to fall within the wide range of professional competence is an issue of law not one of fact. . . ."
>
> Under the standard of review previously noted, we review the trial court's factual findings for clear error and its legal determinations independently of the trial court's decision.

Although Renteria-Delgado's trial counsel informed jurors during opening statements that they would hear from the victims' grandparents, "who lived at the house who said this couldn't have happened," trial counsel ultimately made the decision not to call them. During counsel's deposition, when asked why he decided not to call the victims' grandparents during the trial, trial counsel testified that during the course of trial, he decided not to call the grandparents due to numerous concerns including: tension and conflict between family members; the grandmother did not believe the victims' mother; Renteria-Delgado did not know if testimony from the victims' grandmother would help his defense; the grandmother's alleged alibi evidence would have contradicted testimony from the victims' mother; the grandmother could not provide an alibi for the allegations that occurred while she was not present at the home; the grandmother was aggressive and had a temper, which trial counsel thought could impact the jury's perception of both her and Renteria-Delgado; the grandfather knew even less than the grandmother and indicated he did not want to get involved; and there was a chance that testimony from the victims' grandmother would hurt Renteria-Delgado's chances of a favorable verdict by reinforcing Renteria-Delgado's lack of credibility.

The Nebraska Supreme Court explained that an attorney's failure to call witnesses promised during opening statements does not rise to the level of ineffective assistance of counsel per se because "[t]here are many legitimate reasons why this could occur." *State v. Avina-Murillo*, 301 Neb. 185, 205, 917 N.W.2d 865, 879 (2018). In the instant case, after reviewing the deposition of Renteria-Delgado's counsel, the district court determined that trial counsel's reasons for deciding not to call the victims' grandparents constituted strategic decisions. The record supports that finding of fact and an appellate court does not substitute alternate findings for supported factual findings.

Further, because we find the specific reasons articulated by trial counsel for not calling the victims' grandparents were reasonable enough to fall within the wide range of professional competence, we agree with the district court that trial counsel was not deficient for failing to call the victims' grandparents to testify at trial. Trial counsel's decisions that amount to reasonable trial

strategy do not constitute deficient performance and appellate courts do not use perfect hindsight to criticize unsuccessful trial strategies or second-guess trial strategy. *State v. Wood,* 310 Neb. 391, 966 N.W.2d 825 (2021). Further, after reviewing the affidavit of the victims' grandmother that was admitted into evidence at the evidentiary hearing and that purported to describe what she would have testified to at trial if called, we also agree with the district court that there was no prejudice suffered by Renteria-Delgado due to his trial counsel's decision not to call her. This claim fails.

IMPROPER IMPEACHMENT OF J.S.

Renteria-Delgado next assigns as error that the district court erred in finding his trial counsel was not ineffective for failing to properly impeach J.S. and that the failure to properly impeach J.S. did not prejudice him. Renteria-Delgado argues that, during trial counsel's questioning of J.S.,

> he asked her a series of questions about whether she recalled previously telling him specifics about where "Santos" touched her, whether she previously told counsel if [Renteria-Delgado] "went inside her" and whether she previously recalled telling counsel that [Renteria-Delgado] never took his clothes off. J.S. responded "no" to all of those questions.

Brief for appellant at 13.

During the trial, defense counsel attempted to ask J.S. whether she recalled previously telling counsel that Renteria-Delgado only touched her with his hand and that J.S. only touched Renteria-Delgado with her hand, but the State objected based on improper impeachment, which objection was sustained by the district court. Following a sidebar, counsel asked J.S. whether she recalled previously telling counsel that Renteria-Delgado did not touch any other part of her body (other than her hand) with his private part, that Renteria-Delgado never put his private part inside of her, and that Renteria-Delgado never took his clothes off. J.S. stated that she did not recall previously making those statements to counsel during her deposition, and counsel did not further impeach J.S. regarding those statements. Trial counsel then proceeded to cross-examine J.S. regarding topics unrelated to her alleged prior inconsistent statements before ending his cross-examination.

Renteria-Delgado contends:

> There was an utter failure by counsel to successfully impeach J.S. due to counsel's inability to properly impeach under the rules of evidence and existing case law. Trial counsel had previously deposed the witness and yet was unable to simply direct their attention to the questions asked and answers given at the deposition which were in conflict with the trial testimony. Again, the defense of the case was directed toward the credibility of the two minor victims. However, there was nothing admitted during trial by trial counsel which impacted their credibility due to his inability to properly impeach the witnesses.

Brief for appellant at 13.

But as the State notes in its brief, Renteria-Delgado then fails to identify what specific statements J.S. allegedly made during her deposition that conflicted with her trial testimony. We agree. Although Renteria-Delgado is critical of his trial counsel's failure to specifically impeach J.S.' trial testimony with alleged conflicting testimony made during her deposition, Renteria-Delgado never identifies the location within J.S.' deposition of any inconsistent statements in his postconviction motion, during arguments to the district court in connection with his evidentiary hearing, or in his brief on appeal. As such, we are left with a claim that Renteria-Delgado's trial counsel was ineffective for failing to impeach J.S. with "inconsistent statements" allegedly made somewhere. In a postconviction proceeding, it is well-established that the defendant has the burden to demonstrate that his or her counsel was constitutionally ineffective. See *State v. Alfredson*, 287 Neb. 477, 842 N.W.2d 815 (2014).

And although Renteria-Delgado never identified any specific inconsistent statements made which differed from J.S.' trial testimony, the district court still reviewed the entirety of J.S.' deposition and concluded that, taken as a whole, her deposition testimony was not inconsistent with her trial testimony. In an evidentiary hearing on a motion for postconviction relief, the trial judge, as the trier of fact, resolves conflicts in the evidence and questions of fact. *State v. Russell*, 308 Neb. 499, 954 N.W.2d 920 (2021). Where competent evidence supports the district court's findings, the appellate court will not substitute its factual findings for those of the district court. *Id*. And in both the criminal and postconviction context, an appellate court will not ordinarily scour the record in search of facts that might support an appellant's claim. *State v. Garcia*, 315 Neb. 74, 994 N.W.2d 610 (2023). On this record, we find no error with the district court's findings that there was insufficient evidence that Renteria-Delgado's trial counsel was ineffective in failing to properly impeach J.S. This claim fails.

IMPROPER IMPEACHMENT OF X.S.

Renteria-Delgado next assigns that the district court erred in finding that his trial counsel was not ineffective in failing to properly impeach X.S. regarding prior inconsistent statements and that Renteria-Delgado could not establish prejudice. Similar to his previous argument, Renteria-Delgado contends that trial counsel's failure to successfully impeach X.S. under the rules of evidence resulted in the jury not hearing the inconsistencies between X.S.' deposition and trial testimony. In his brief, Renteria-Delgado argues:

Trial counsel directed questions to [X.S.] about things she previously told him, but trial counsel failed to impeach [X.S.] or develop any substantive inconsistencies as promised in opening statements:

Q. Okay. Do you remember telling me that in the morning time, you would be woken up by [Renteria-Delgado] upstairs and dragged downstairs?

A. No.

Q. Okay. Do you recall telling me that [J.S.] was asleep and you –

A. Yes.

Q. – woke her up? But you were sleeping upstairs, right?

A. No.

Q. Okay.

Obviously, from these few questions, counsel knew of inconsistent statements made by X.S., but questions by counsel are not evidence and the jury [was] instructed as such.

Brief for appellant at 14.

However, in his brief, Renteria-Delgado fails to direct this court to X.S.' deposition testimony that he contends contradicted her trial testimony, nor did he do so in his motion for postconviction relief or during the evidentiary hearing before the district court. Although X.S.' deposition was admitted into evidence during the evidentiary hearing, Renteria-Delgado does not identify the portions of X.S.' deposition testimony that he argues contradicts her trial testimony.

As we stated before, because Renteria-Garcia fails to identify the testimony from X.S.' deposition that allegedly contradicted her trial testimony, we find no error with the district court's finding that there was insufficient evidence that Renteria-Delgado's trial counsel was ineffective in failing to properly impeach X.S. This claim fails.

## CONCLUSION

For the reasons stated above, we affirm the district court's denial of Renteria-Delgado's verified motion for postconviction relief.

AFFIRMED.